Middleton, J.,
dissenting. The attorneys for the appellant, taxpayer, do not challenge the provisions of Section 5611, General Code. They did not ignore the provision that the notice of appeal to the Board of Tax Appeals shall set forth or shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner to the taxpayer. They undertook in good faith to strictly comply with that provision. A true copy of the notice was attached to the notice of appeal which was filed with the board. If a copy of the notice of the commissioner was not attached to the copy of the notice of appeal which was mailed to the commissioner it was because of a clerical error of a stenographer in the office of the taxpayer’s attorney. That stenographer said under oath that to the best of her knowledge and belief she enclosed a copy to the commissioner. It is significant that the question was not raised until nearly two months after the mailing to the commissioner of the notice of appeal.
It is conceded that the notice of appeal which was received by the commissioner on February 9, 1952, recited the date of the order appealed from and the *87 number of the case in which it was entered. Therefore, the commissioner was fully informed as to the nature of the appeal.
A secretary to the commissioner testified that the envelope containing the notice of appeal did not contain a copy of the notice of the commissioner to the taxpayer. If the notice was not so enclosed (and the testimony is in conflict), common courtesy, such as is practiced among lawyers, should have caused the commissioner to immediately notify the taxpayer’s attorney of the apparent failure to enclose the document mentioned in the notice of appeal. Had such courtesy been extended the copy could have been supplied well within the appeal time. Instead, nothing was said by the commissioner from February 9 to April 1, one day before the hearing date; then the board was told by the commissioner that the board lacked jurisdiction because of this clerical error — if in fact there was any such error — on the part of the taxpayer’s attorney.
In my judgment, under the peculiar facts of this case, the conflicting testimony should have been resolved in favor of the taxpayer. An administrative officer such as the Tax Commissioner should recognize an obligation to deal fairly with the taxpayer; to protect the taxpayer; and to avoid denial of the taxpayer’s right of appeal by reason of a questionable clerical error which, if it occurred, could have been quickly cured if the taxpayer’s attorney had been promptly notified.
I would overrule the motion to dismiss the appeal.